## STREET v. HUGHES.

1. Tax deed: BY MUNICIPAL CORPORATION. There is nothing in chap. 105, Laws of the Seventh General Assembly (Rev., 1860, § 1144), defining who shall make tax deeds under sales for municipal taxes, but this matter is left to the provisions of the several charters.

2. —— STATUTE CONSTRUED. The object of said statute was to give a uniform effect to the deeds made to purchasers at sales for municipal taxes, and a like method for the foreclosure of the equity of redemption.

*Appeal from Pottawattamie District Court.*

TUESDAY, FEBRUARY 6.

PETITION in equity to foreclose defendant's equity of redemption, in and to certain lots in Council Bluffs city, sold for the delinquent taxes of 1860 and 1861 by the city authorities in 1861 and 1862. The sales were made by the city marshal, certificates of purchase given by him, and deeds made by the mayor of the city in 1862 and 1863. Defendant demurred, upon the ground, that the marshal had no authority to issue certificates of purchase, or the mayor to make the deeds based upon such certificates. The demurrer was sustained, and plaintiff appeals.

*Frank Street* and *W. F. Sapp* for the appellant.

*R. L. Douglas* for the appellee.

WRIGHT, J. — By the seventeenth section of the act of January 23, 1857 (ch. 102, an act to amend the charter of the city of Council Bluffs), the city marshal is given authority to sell real estate for delinquent taxes, to give a certificate of purchase; and the mayor, if there is no redemption within eighteen months, is required, on the presentation of such certificate, to make a deed. This deed, it is declared, shall be good and valid in law or equity to pass a valid title.

1. TAX DEED: by municipal corporation.

In 1858, the legislature declared as follows:

"Whereas, by the charters and other acts granting to municipal corporations the right to levy and collect taxes on real estate, the mode of said collection, the rate of interest, and the effect of the collector's deed, are various, unequal, and, in some cases, unjust; and, whereas it is desirable to remedy such defect, and establish a uniform principle on the subject, therefore:

*Be it enacted, &c.* That from and after the publication of this law, in all cases of the sale of real estate made by virtue of the laws and ordinances of any municipal corporation in this State, the purchaser shall receive a deed, which shall have the same effect as the county treasurer's deeds under sales made by him as provided in the Code, and that the mode therein provided for the purpose of making sales effective, and foreclosing the redemption shall be pursued by the holder of said corporation deeds; and that no greater rate of interest than twenty per cent per annum, shall hereafter be charged on any such deed or sale." Ch. 105, 7th General Assembly, Rev., § 1144.

By the Code of 1851, §§ 503-506, the purchaser at a sale made by the county treasurer was *entitled to a deed,*

and after six months from the day of sale, had the right to file his petition as in case of a foreclosure of a mortgage, &c.

This action was commenced in March, 1865, and the question is, was it maintainable in view of the above legislation and the objections urged to the petition? It seems to us it was, and that the demurrer should have been overruled.

The certificates were made by the city marshal, and deeds executed by the mayor in strict accordance with the requirements of section 17 of the amendment to the city charter. That the deeds were made by the mayor rather than the city marshal, could make no difference as to the holder's right to foreclose. The words "collector's deed," in the act of 1858, refers to the evidence of the fact of sale, or of the holder's title, and does not necessarily define and limit the person who shall make the same. In other words, there is nothing in this language, or in any other part of the act, defining who shall make these deeds under sales for municipal taxes, but this is left to the provisions of the several charters. But such sales were to be "made by virtue of the laws and ordinances of the (any) municipal corporations," and the purchaser was "to receive a deed." From whom? From the person in the respective charters provided, and in the manner therein designated. And this deed had the same effect as that of a "county treasurer under the Code;" and the mode *therein* provided to make such sales "effective and foreclosing the redemption," was to be pursued by such holder. That the deed was made eighteen months afterward, based upon the marshal's certificate, rather than at once, or immediately after making the sale, can make no difference. The proceeding to foreclose might be commenced at any time, after six months from the day of sale, but the purchaser was not compelled to sue at once after that time, nor was he required to take his deed so soon as the sale was made.

The object of the act of 1858, was to give a uniform effect to the deeds made to the purchaser at sales for municipal taxes, and a like method for the foreclosure of the equity of redemption. In other words, instead of having the deed good and sufficient to pass a valid title, as in this charter, or giving a right to redeem within two years (as in the charter for the town of Newton, Laws 1857, p. 148), or within one year (act to incorporate Camanche, 1857, p. 367), and, instead of leaving the rate of interest on redemption as fixed by the various charters, it was intended to introduce uniformity, and avoid the inequality and injustice resulting from the provisions of the almost innumerable charters scattered through the many years of legislation. The right to foreclose, however, in the mode pointed out in the Code, in case of sales by the county treasurer, is expressly given. Plaintiff was pursuing this remedy, and the demurrer should, therefore, have been overruled.

· Reversed.

2. ── statute construed.