## VAUGHN v. STONE ET AL.

1. **Evidence**: COUNTY TREASURER: STATEMENT FROM TAX RECEIPTS. The statement of a county treasurer, made from an examination of receipts in evidence, of the amount of city taxes paid upon certain property is competent evidence.

2. **Tax Deed**: FORECLOSURE: STATUTE OF LIMITATIONS. Under the Revision of 1860 an action to foreclose a tax deed was not barred until the expiration of ten years and six months from the date of sale.

*Appeal from Pottawattamie District Court.*

FRIDAY, SEPTEMBER 24.

ACTION in chancery to foreclose the equity of redemption under a tax deed made upon the sale of a lot in Council Bluffs for city taxes. The cause was sent to a referee, and upon his report a decree granting the relief prayed for by plaintiff was entered. Defendants appeal. The facts of the case appear in the opinion.

*Dailey & Burke* and *L. W. Ross*, for appellant.

*James, Aylesworth & Mynster*, for appellee.

BECK, CH. J.—I. The petition shows that the lot involved in this action was sold June 28, 1867, for the delinquent city taxes of 1866, and again sold March 31, 1869, for the city taxes of 1868, and certificates duly issued to the pur-' chaser, E. M. Officer, who paid certain city taxes subsequently accruing upon the property. The purchaser at the tax sale executed a quit claim deed for the property to plaintiff, and transferred the certificate of the sale of the lot to plaintiff, to whom a tax deed was executed by the mayor of the city March 10, 1877. The relief asked is that the defendant's equity and right of redemption be cut off and barred, that plaintiff have judgment for the possession of the lot, and general relief is also asked.

The answer of defendant alleges that March 12, 1869, a tax deed for the lot in question was executed to Officer by the county treasurer upon the tax sale made November 14, 1865, for the taxes of 1862, 1863 and 1864. It is claimed in the answer that Officer acquired the title to the lot by this deed, and that all the rights and lien of Officer under the city tax sale certificates and tax receipts were merged in the title thus acquired; that Officer being the holder of the title became liable for the taxes on the property and the purchase at the tax sales had the effect of payment of the taxes and nothing more, and the lot was thereby discharged from the lien of the taxes.

It is shown in the answer that plaintiff, claiming ownership of the lot under county and city tax deeds, and a quit claim deed from Officer, commenced an action to recover the possession of the property against the defendants, and that upon a demurrer judgment was rendered for defendant upon the ground that the action, not having been commenced within five years, was barred by the statute of limitations applicable to actions for the recovery of land under tax titles. This judgment is pleaded as a former adjudication. The defendant avers that more than ten years intervened between the city tax sale of June 28th, 1867, and the day of the com-

mencement of this action.   It is, therefore, claimed that the
action is barred by the statute of limitations.

It is also alleged as a defense that, under the charter of
the city, the levy of taxes for the year 1866 was in excess of
the authority of the city, and, therefore, void, and that the
levy of a railroad tax for the year 1866, and subsequent years,
was unauthorized and illegal.   It is further charged that a
certain sidewalk tax is illegal and void.   A replication denied
the allegations of the answer not admitting the averments of
the petition.   The referee reported the following findings of
facts and conclusions of law:

"1.   That the defendants have been in possession of lot
228, original plat, for the last twenty years, under and by
virtue of title derived from the general government.

"2.   That on the 14th day of November, 1867, the said
lot was sold for county taxes 1862–3–4 by the county treas-
urer of Pottawattamie county, for state and county taxes, to
E. M. Officer.

"3.   That on the 28th day of June, 1867, said lot was
sold for the taxes of 1866 by the marshal of the city of
Council Bluffs to E. M. Officer; that said sale was made for
the delinquent taxes assessed and levied against said lot by
the city of Council Bluffs, which includes a special assess-
ment against said lot for a sidewalk tax.

"4.   That on the 12th day of March, 1869, said E. M.
Officer received from the county treasurer of Pottawattamie
county a treasurer's deed for said lot, issued upon the sale
made by said treasurer on the 14th day of November, 1865.

"5.   That on the 30th and 31st days of March, 1869, said
lot was sold by the city marshal of the city of Council Bluffs
for the delinquent taxes of 1868, assessed and levied by said
city.   That the said E. M. Officer became the purchaser
thereof.

"6.   That on the 28th day of June, 1867, the said E. M.
Officer paid on the purchase of said lot No. 228 the sum of
$147.26, which amount included a sidewalk tax.   February

22, 1868, she voluntarily paid the sum of $5.75; March 31st, 1869, she paid upon sale for city taxes, $19.90; February 28th, 1870, she voluntarily paid the sum of $21.10; February 8th, 1871, she voluntarily paid the sum of $147.75, which sum includes the special assessment for sidewalk tax; February ——, 1872, she voluntarily paid the sum of $25.60; February 17th, '73, she voluntarily paid the sum of $19.21; February 28th, '74, she voluntarily paid the sum of $12.60; February 25th, '75, she voluntarily paid the sum of $10.00; all of the above mentioned sums, so voluntarily paid, were for delinquent taxes due the city of Council Bluffs on lot number 228, for the years previous to such payment.

"Findings 7 and 8 excepted to by defendant; exceptions sustained. Said findings are as follows:

"7.    The total amount of principal and interest at the rate of 25 per cent per annum from date of payments to May 20, 1878, is $1,258.51.

"8.    The total amount of city taxes paid on said city sales, with amount of city taxes paid to the marshal on lot 228, the last payment being February 8, 1871, with the interest thereon, amounts to $1,124.44, and the total amount of city taxes paid to county treasurer after February 8, 1871, was $138.56.

"9.    That said lot number 228 was assessed for 1871 at $1,625, for 1872 at $1,600, for 1873 at $1,000, for 1874, $1,000.

"10.    That the general levy on taxable property of the city for the year 1866 was: general fund, 5 mills; road, 3 mills; interest on bonds, 1 mill; and for 1867 was: general fund, 5 mills; road, 3 mills; interest on bonds, 2 mills.

"11.    That said defendants have been in possession of lot 228, adverse to E. M. Officer, plaintiff's grantor, from and prior to the making of said county tax deed, on March 12th, 1869, and up to the time of this suit, and are still in the possession of said lot.

"12.    That on the 5th of January, 1877, said E. M. Officer

transferred all her right, title and interest in and to said lot, together with her right of action accruing to her by virtue of the said tax sales, and the subsequently paid taxes upon said lot, to the plaintiff herein.

" 13.  That the defendants have never, in any manner, paid or offered to pay any of the taxes assessed as aforesaid; redeemed or offered to redeem said lot No. 228 from any of said tax sales or from any of the taxes subsequently paid thereon.

" 14.  February 16th, '77, the defendant procured two tax deeds upon said lot 228, from the mayor of the city of Council Bluffs, which said deeds were issued upon said sales of June 28, '67, and March 30 and '31, '69.

" 15.  That in the year 1866 there was a special assessment upon said lot for a sidewalk purpose, and for the year '70 there was a special assessment on said lot for sidewalk purposes.

" 16.  That Thomas Officer was the agent and trustee of said E. M. Officer in the purchase of said lot and tax sale, and in the payment of said subsequent taxes paid thereon, and in making the sales to the plaintiff.

" 17.  That said E. M. Officer never was in the possession of said lot No. 228, nor exercised any acts of ownership over the same by virtue of the tax deed of March 12th, '69.

" 18th finding excepted to by defendants; exceptions sustained.  This finding is as follows:

" 18.  The said E. M. Officer paid state and county taxes upon said lot 228 as follows:   Feb., 1872, $43.47 for tax '71; Feb., '73, $40.75 for tax '72; Feb., '74, $22.25 for tax '73; Feb., '75, $23.00 for taxes '74.   Defendants have never redeemed or refunded, or offered to redeem or refund, any of said taxes.

" REFEREE'S CONCLUSIONS OF LAW.

" 1.  That the city of Council Bluffs, under their charter and statutory amendment, had the right to make a special

assessment against said lot number 228 for the construction of a sidewalk upon the street adjacent thereto, and to levy a tax of five mills upon the dollar upon the assessed valuation of said lot for general city purposes each year, and also to levy and assess a road tax of three mills, and that all levies in excess are illegal and void.

" 2. That by the sale of June 28th, '67, the said E. M. Officer acquired a lien upon said lot number 228, and that by paying the subsequently levied and assessed city taxes against said lot the lien of the said E. M. Officer was augmented.

" 3. That subsequent to the year 1870 the mode of collecting taxes and rates and special assessments was by ordinance changed from the city officers to the county treasurer. That subsequent to the time of said change and transfer the general statutes govern and control. That for all taxes subsequent to 1870 no lien will attach against the property in question unless duplicate receipts be filed with the county auditor before redemption. That if not so filed, then the taxes for said subsequent years are not a lien upon said property, and the plaintiff will not be entitled to recover the same from the defendant.

" 4. That the lien acquired on the lot in question by the city tax sale of June 28th, 1867, did not merge in the county tax deed of March 12th, 1869.

" 5. That the said county tax deed of March 12th, 1869, is null and void.

" 6. That merger in equity depends upon the intention of the party holding the estates; if to the party's interest to keep an equitable interest alive it will not merge, but a court of equity will keep the incumbrance alive, or consider it extinguished, as will best serve the purpose of justice and the actual and just intention of the party. In this case it was not for the interest, or the intention, of E. M. Officer that her lien acquired upon said lot by the sale of June 28th, 1867, should merge in the county tax deed of March 12th, '69, the

defendants being in the possession, and holding an adverse interest in said property as against the said E. M. Officer.

" 7.    That the defendants acquired title to said lot in question, and being lot number 228, original plat to the city of Council Bluffs, by a patent from the government of the United States on or about the year '54, and that they have been in the continued possession of, and still hold possession of, said property by virtue of the said patent.

" Findings 8 and 9 excepted to by defendants; exceptions sustained.

" 10.    That the plaintiff is entitled to a decree quieting his said title, and forever barring the equity of redemption of said defendants in and to said lot No. 228, original plat city of Council Bluffs, and for costs."

Exceptions were duly taken to this report, some of which were sustained, as indicated above.    A decree in accord with the report, as modified upon the exceptions sustained, was rendered, cutting off defendants' right and equity in the lot in case they should fail to make redemption by a day specified. Rules are prescribed in the decree for determining the amount which defendants are to pay in making such redemption.

The cause is not triable in this court *de novo;* counsel for neither party claim that it is, and it is presented to us by defendant's counsel upon errors assigned upon the record.    We will proceed to consider the questions discussed by the counsel of defendants; questions raised by the assignment of errors and not argued by counsel, under the rules prevailing here, do not demand discussion.    Our attention will be directed to the points made by counsel in the order we find them presented in their printed argument.

II.    The county treasurer, who was a witness for plaintiff, was permitted, against defendants' objection, to state from the

1. EVIDENCE: county treasurer: statement from tax receipts. tax receipts shown him the amount of city tax receipted for in each.    We discover no error in admitting this testimony.    The receipts were in evidence, and the testimony of the witness was doubtless in

the nature of an explanation of these documents, which, in view of his familiarity with business of the office from which they were issued, he was competent to make.    It was entirely proper for the referee to receive such an explanation.

III.    The quit claim deed executed by Officer to plaintiff was received in evidence against defendants' objections.    Its admission is assigned as error, on the ground that Officer had no interest in the lot.    If this position be admitted we fail to discover there was error in admitting the deed.    Defendants surely cannot object to the admission of the deed, for the reason that they claim, and this is the theory of the defense, that Officer acquired title to the lot by virtue of the county tax deed, and subsequent purchase at the city tax sale amounted to payment of the taxes and nothing more.

IV.    The tax receipts issued to Officer upon payment of the taxes, it is argued, were erroneously admitted in evidence, on the ground that each of the receipts cover many lots, and are for a gross sum.    But the amended or additional abstract filed by plaintiff shows that many of these receipts exhibited the amount of taxes paid upon the lot in controversy.    And it does not appear that from the face of all of the receipts the amount of taxes paid upon the lot in controversy cannot be determined.

V.    The admission of the city tax deeds in evidence, it is insisted, was erroneous for the reason that they are void, because Officer had acquired the title to the lot by the county deed, and the purchase at the city tax sales amounted to payment of the taxes and nothing more.    It will hereafter appear that the court held the county tax deed to be void.    If void it had no effect to invalidate the city tax deeds.

VI.    It is insisted that there is no evidence to show that the sidewalk tax was legally assessed as provided by the charter of the city.    Such assessment would be shown by the city records.    It does not appear that we have all the evidence introduced by the parties before us.    The amended abstract, which is not denied, states that the referee certifies that all

the evidence "*except such records as were introduced*" is reported by him, and we find a certificate of the judge among the papers, stating that the cause was heard by the court upon the report of the referee, and " that all the evidence before the court on the hearing was embodied in said report." It is thus made clearly to appear that there were records before the referee that are not before us, and that all the evidence upon which the case was tried is not in the abstract. But defendants insist that, as plaintiff files an amended abstract, he cannot claim that any evidence is wanting. This would be so if his amended abstract did not expressly show the absence of the records used in evidence. The amended abstract is intended to show that evidence is incorrectly set out in the original abstract, and that all the testimony is not contained therein. In view of the fact that we have not before us all the testimony, we cannot review the findings of the referee, and the rulings of the court upon the facts of the case.

VII. It is insisted that the 13th finding of fact is not supported by the testimony. There is certainly no evidence authorizing the conclusion that defendants paid, or offered to pay, any of the taxes, or redeemed, or offered to redeem, from the tax sales. Payment and redemption, or offers to do so, are not pleaded as a defense, and are nowhere claimed by defendants. Under these circumstances the law raises a presumption that they were not made.

VIII. Several other assignments of error argued by counsel raise questions as to the effect of the deed upon the county tax sale. Defendants insist that plaintiff's lien under the city tax sales, and the payments of taxes, merged in the title acquired by the county tax sale. The doctrine of merger is discussed, and other principles of the law are referred to in support of counsel's positions. These questions cannot be considered for the following reasons: The referee found that the county tax deed is null and void. The facts upon which this finding are based are not stated in his report. We cannot presume the finding is not based upon facts appearing in

evidence. It was an error not to present those facts in the report, and the referee ought to have been required to state the facts upon which the finding is based. But no steps were taken in that direction. We cannot presume that there was no evidence supporting the conclusion of law, for, as we have seen, the record evidence before the referee we do not have. If the tax deed is invalid it would be shown by the records. We cannot disturb the judgment on account of this finding. It must stand. If the county tax deed is invalid, and it must be so held under the findings of the referee, of course no merger occurred and the city tax deed and the payment of taxes by plaintiff and his assignor constitute a valid lien.

IX. It is lastly urged that this action is barred by the statute of limitations. The city tax sales were had, one June 28, 1867, the other March 31, 1867. It is claimed that more than ten years intervened, from the date of the first sale to the commencement of the action. But plaintiff's right of foreclosure of the tax deed accrued six months after the sale; for that time the purchaser could not institute an action to foreclose the right of redemption. Revision, § 1114; Code 1851, § § 505 and 506. *Street v. Hughes*, 20 Iowa, 131. Plaintiff's right of action, therefore, accrued December 28, 1867. The abstract does not state the day of the commencement of the action. We cannot presume it was commenced after December 28, 1877. Indeed we will presume that it was commenced before that date; we find the order of reference was made on the 31st of December, 1877. It does not, therefore, appear that the action was barred by the statute of limitations.

The foregoing discussion disposes of all questions presented in the argument of defendants' counsel. We discover no reason for disturbing the decree of the court below. It is, therefore,                                                                 AFFIRMED.

*2. TAX deed: foreclosure: statute of limitations.*

ON REHEARING.

SEEVERS, J.—Upon the petition of the appellants a rehearing was granted, on the ground that no time had been given

the defendants to redeem, although this had been done below. The reason for the failure to refer to that portion of the decree need not be stated.

Counsel for the appellants have in the petition criticised all, or nearly all, the grounds upon which the conclusion is based in the opinion, and they have been re-examined.   In relation thereto we only deem it necessary to say that we are satisfied therewith.   We think, however, the defendants should have ninety days from the filing of this opinion to redeem, and it is so ordered.